## CLEVELAND SOUTHWESTERN RY & LT CO v BRIGGS

Ohio Appeals, 3rd Dist, Crawford Co
No 1234. Decided March 19, 1930

J. W. McCarron, Cleveland, and Clarence V. Ahl, Bucyrus, for Ry Co.

Edward J. Myers, Bucyrus, and Meck & Meck, Toledo, for Briggs.

**HUGHES, J.**

The first assignment of error is that the verdict is against the weight of the evidence.

We are not able to say that the verdict is against the weight of the evidence regarding the negligence of the defendant, but regarding the negligence of the plaintiff, we conclude that it is against the weight of the evidence.

The fourth special request to charge the jury before argument, was refused, and, in our judgment, correctly so because it stated to the jury that the plaintiff was required to operate his automobile equipped with lights so as to be able to see the condition of the highway ahead of him. There is no limitation as to the distance ahead of him that he should have been able to see, and it was therefore too broad a statement.

At page 95, the court charged the jury that it was the duty of the defendant to operate its car in such a way that persons in the exercise of reasonable care approaching this point would be warned of the approach of the car by the ringing of the bell, sounding of the whistle or other necessary signals, without qaulifying this statement by saying that if in the exercise of ordinary care a ringing of a bell or a sounding of a whistle or some other signal would have been necessary. This omission made this portion of the charge erroneous.

At page 96, the court charged the jury that they might consider and allow the plaintiff, if they found in his favor, not only for the pain and suffering, but for the amount that he has paid or contracted to pay for medical services by reason of the injuries. There is no evidence in the record tending to prove that the plaintiff had paid or contracted to pay for medical services. It is true that he testifies that upon being injured, he was taken to a doctor's office, and it is also true that the doctor testified that he was brought to his office and that he took care of his injuries, but there is nothing in the record that shows that these services of the doctor were performed for and charged to the plaintiff. For all that the record discloses these services may have been contracted for by the defendant company and paid by it. Therefore, the case does not fall within the principles of law laid down in the **62 OS. 139**, as though the doctor had been suing for his compensation.

Under such circumstances, there was error in giving this instruction.

For the reasons above given, the judgment is reversed.

Before Judges Hughes, Justice & Crow.